UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IN RE: | Case No.: 18-42977-659 |
|---|---|
| Janet Lee Gregory, | Chapter: 7 |
| Debtor | |

**RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED CREDITOR AND THE ESTATE, AND (III) OTHER RELIEF**

**COMES NOW** U.S. BANK NATIONAL ASSOCIATION, and/or its principals, agents, successors and/or assigns (hereinafter "Secured Creditor"), by and through its attorneys, CODILIS, MOODY & CIRCELLI P.C., and for its response to Chapter 7 Trustee's Motion to (I) Approve a Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), (II) Surcharge Agreement between Secured Creditor and the Estate, and (III) Other Relief, states as follows:

1. Secured Creditor admits the allegations in paragraphs 1 through 6;

2. Secured Creditor has no personal knowledge of the allegation in paragraph 7 regarding the death of Thomas R. Gregory although Secured Creditor has no objection to the relief requested;

3. Secured Creditor admits the allegations in paragraphs 8 through 9;

4. There are not allegations in paragraph 10 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested.  For further answer, Secured

Creditor affirmatively states that Secured Creditor consents to Trustee selling the property using BKRES's services. Secured Creditor affirmatively states that Secured Creditor has no objection to the Trustee's Motion if and only if (1) no less than $92,061.98 of Secured Creditor's secured claim will be paid from the proceeds of the sale of the property and (2) if a sale does not complete within 180 days of a court order granting the Trustee's Motion, that the order granting Trustee's Motion be deemed moot;

5. Secured Creditor admits the allegations in paragraph 11;

6. There are not allegations in paragraph 12 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

7. There are not allegations in paragraph 13 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

8. There are not allegations in paragraph 14 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

9. Secured Creditor admits the allegations in paragraph 15;

10. Secured Creditor admits the allegations in paragraph 16;

11. There are not allegations in paragraph 17 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

12. Secured Creditor admits the allegations in paragraph 18;

13. There are not allegations in paragraph 19 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

14. There are not allegations in paragraph 20 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

15. There are not allegations in paragraph 21 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

16. There are not allegations in paragraph 22 to which Secured Creditor can respond;

17. Secured Creditor has no personal knowledge of the allegations in paragraph 23 although Secured Creditor has no objection to the relief requested;

18. Secured Creditor has no personal knowledge of the allegations in paragraph 24 although Secured Creditor has no objection to the relief requested;

19. Secured Creditor has no personal knowledge of the allegations in paragraph 25 although Secured Creditor has no objection to the relief requested;

20. There are not allegations in paragraph 26 to which Secured Creditor can respond although Secured Creditor has no objection to the relief requested;

**WHEREFORE,** U.S. BANK NATIONAL ASSOCIATION, and/or its principals, agents, successors and/or assigns, prays that this Court enter an Order granting Chapter 7 Trustee's Motion to (I) Approve a Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), (II) Surcharge Agreement between Secured Creditor and the Estate, and (III) Other Relief; approving a sale of the property where no less than $92,061.98 of Secured Creditor's secured claim will be paid from the proceeds of the sale of the property; and if a sale does not complete within 180 days of a court order granting the Trustee's Motion, that the order granting Trustee's Motion be deemed moot; and for such other and further relief as this Court may deem just and proper.

Dated this 18th day of April, 2019.

    Respectfully Submitted,
    **CODILIS, MOODY & CIRCELLI, P.C.**

    By: /s/ MaryAnn Black

    Joseph J. Circelli 58421MO
    Rachael A. Stokas MO 61282MO
    Matthew M. Moses 62330MO
    MaryAnn G. Black 59899MO
    **CODILIS, MOODY & CIRCELLI, P.C.**

        15W030 North Frontage Road, Suite 200
        Burr Ridge, IL 60527
        (630) 794-5200
        **CMC File No. (26-18-00644)**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Response upon the Trustee, the Debtor's attorney, and the U.S. Trustee via electronic notice and upon the Debtor via first class U.S. mail in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on April 18, 2019.

Tracy A. Brown, Chapter 7 Trustee, 1034 S. Brentwood Blvd., Ste. 1830, St. Louis, MO 63117 by electronic notice through ECF
Janet Lee Gregory, Debtor(s), 10551 Kamping Lane, Saint Louis, MO63123-5029
Randall T. Oettle, Attorney for Debtor(s), 12964 Tesson Ferry, Suite B, St. Louis, MO 63128  by electronic notice through ECF
U.S. Trustee, 111 S. 10th Street #6.353 St. Louis, MO 63102 by electronic notice through ECF

        /s/ MaryAnn Black
        #59899MO
        Codilis, Moody & Circelli, P.C.
        15 W 030 N. Frontage Rd. #200
        Burr Ridge, IL 60527
        630-794-5200
        MaryAnn.Black@mo.cslegal.com
        CMC File No. (26-18-00644)

NOTE: This law firm is deemed to be a debt collector.